UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUHAMMED TILLISY,

    Petitioner,

v.

MARION FEATHER,

    Respondent.

CASE NO. C11-1858-RSM

REPORT AND RECOMMENDATION

*Pro se* petitioner Muhammed Tillisy filed an application to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed 28 U.S.C. § 2241 habeas petition (Dkt. 1-1, hereinafter "Habeas Petition"), and a motion for a preliminary injunction to prevent his transfer from the Federal Detention Center - Seatac ("FDC") or to return him to the FDC if he has already been transferred (Dkt. 4). In his underlying, proposed § 2241 petition, Mr. Tillisy argues that he was improperly removed from a community-based center based on a disciplinary hearing that found him guilty of a violation. (Habeas Petition, at 1, 7–13.) The Court recommends **DISMISSING** Mr. Tillisy's § 2241 habeas petition without prejudice for failure to exhaust administrative remedies and **DENYING** as moot his motion for a preliminary injunction (Dkt. 4) and IFP application (Dkt. 1).

REPORT AND RECOMMENDATION
PAGE -1

## I. BACKGROUND

In 2010, Mr. Tillisy pleaded guilty to conspiracy to commit access device fraud and was sentenced to thirty-three months of imprisonment, which was to run concurrently with a two-year sentence imposed in a separate criminal matter after the revocation of his supervised release. *See* Dkt. 134, *United States v. Tillisy*, CR09-269-MJP (W.D. Wash., judgment dated Apr. 14, 2010); Dkt. 70, *United States v. Tillisy*, CR09-156-MJP (W.D. Wash., judgment dated Apr. 14, 2010). Mr. Tillisy contests his removal from his placement in a community corrections center and return to custody at the FDC. (Habeas Petition, at 1.) According to Mr. Tillisy, he was accused of attempting to apply for benefits and lying to the Division of Vocational Rehabilitation about being on work release. (*Id.*) Mr. Tillisy alleges that he was found not guilty of those accusations yet his community placement was revoked because the Community Discipline Committee determined at a hearing that he should have immediately informed the staff about the loss of his wallet and phone, presumably because someone fitting his description might have committed the offense. (*Id.* at 2–5.) For relief, Mr. Tillisy asks that he be returned to his community placement. (*Id.* at 13–14.) In a motion for a preliminary injunction, he seeks to enjoin the Bureau of Prisons ("BOP") from transferring him out of the FDC until the Court resolves this matter. (Dkt. 4.)

This Court appears to be the proper venue for this action: Mr. Tillisy filed this petition while confined at the FDC, which is located in the Western District of Washington, at the time of this Report and Recommendation he remained confined at the FDC, and the events giving

///

///

rise to the claims occurred within this district. *See* 28 U.S.C. § 2241(a).[1]

## II. DISCUSSION

Although Mr. Tillisy contends that he should not have been removed from community custody, he states no basis in federal law for this assertion other than citing his disagreement with the result of a disciplinary hearing and insinuating cronyism. He alleges that any attempt to exhaust administrative remedies would be futile because he is scheduled to be released in February 2012 and any administrative relief would arrive too late. (Habeas Petition, at 8–9.) The Court recommends dismissing Mr. Tillisy's § 2241 petition without prejudice for failure to exhaust administrative remedies. Mr. Tillisy's pleadings show that he has declined to avail himself of existing, administrative remedies and his allegations fail to demonstrate that doing so would be futile. The Court thus also recommends denying as moot his motion for a preliminary injunction and IFP application.

Mr. Tillisy properly brought this matter as a § 2241 habeas petition that challenges the manner and conditions of the execution of his sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Nevertheless, before petitioning for habeas relief, federal prisoners are required to exhaust their administrative remedies through the BOP. *Fraley v. U.S. Bureau*

---

1 Absent unusual circumstances, a habeas petition filed pursuant to § 2241 must be heard in the judicial district where petitioner is under custody. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 1999) (per curiam). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Although it is possible for a federal district to retain jurisdiction when the government moves a habeas petitioner after he properly files a petition against his immediate custodian, the pivotal question remains whether a district court can effectively grant habeas relief despite the absence of the petitioner. *Id.* at 440–42. Furthermore, an analysis of the proper forum for a habeas petition is guided by traditional principles of venue. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 450 (1973). Although this Court could choose to transfer this matter to a new district should petitioner be moved during the pendency of consideration, little would be gained from such a transfer if this Report and Recommendation is adopted. This Court had jurisdiction over this matter at the time of filing and has the authority to dismiss a § 2241 petition without prejudice. Moreover, petitioner is not impeded from refiling his case in a new district.

*of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). A federal prisoner need not exhaust administrative remedies if pursuing those remedies would be futile. *Fraley*, 1 F.3d at 925.

The Court finds that Mr. Tillisy has failed to exhaust his administrative remedies through the BOP. Mr. Tillisy states that he intentionally chose not to exhaust administrative remedies because it would take at least 60 to 90 days to do so and he desires immediate relief from this Court. (Habeas Petition, at 8–9.) Although Mr. Tillisy alleges that it would be futile to seek administrative relief, this contention is entirely unsupported. Mr. Tillisy's motion for a preliminary injunction should be dismissed as moot because he cannot show a likelihood of success on the merits and his conclusory allegations in no way suggest that he has been impeded from administratively exhausting his grievance. These conclusions also render Mr. Tillisy's IFP application moot regardless of any pending filing deficiencies.

### III. CONCLUSION

The Court recommends **DISMISSING** Mr. Tillisy's § 2241 habeas petition without prejudice for failure to exhaust administrative remedies and **DENYING** as moot his motion for a preliminary injunction (Dkt. 4) and IFP application (Dkt. 1). A proposed order accompanies this Report and Recommendation.

DATED this 28th day of November, 2011.

Mary Alice Theiler
United States Magistrate Judge