UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUHAMMED TILLISY,<br><br>    Petitioner,<br><br>  v.<br><br>MARION FEATHER,<br><br>    Respondent. | CASE NO. C11-1858 MJP<br><br>ORDER ON OBJECTIONS TO<br>REPORT & RECOMMENDATION |

The Court, having received and reviewed:

1. Report and Recommendation (Dkt. No. 7)

2. Objections to Report and Recommendation (Dkt. No. 16)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the Report and Recommendation is ADOPTED and APPROVED.

IT IS FURTHER ORDERED that Petitioner's petition for habeas corpus is DENIED and this matter is DISMISSED with prejudice.

ORDER ON OBJECTIONS TO REPORT &
RECOMMENDATION- 1

IT IS FURTHER ORDERED that the remainder of Petitioner's pending motions in this matter, including his application to proceed *in forma pauperis* and his motion for preliminary injunction, are DENIED as moot.

**DISCUSSION**

Petitioner has filed a proposed §2241 habeas petition which argues that he was improperly removed from a community-based center based on a disciplinary hearing that found him guilty of a violation. Before petitioning for habeas relief, federal prisoners are required to exhaust their administrative remedies through the Bureau of Prisons (BOP). Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). Petitioner has failed to do so, and in his pleadings alleges that any attempt to exhaust his administrative remedies would be futile because of his anticipated February 2012 release date. Dkt. No. 1-1, Habeas Petition, pp. 8-9.

On this basis, the Magistrate Judge recommended that Petitioner's habeas petition be dismissed without prejudice. Although he made no showing in his petition of the futility of exhausting his administrative remedies, in his objections Petitioner alleges (1) that the BOP will not send a "BP-10" form to the institution in which he is currently housed and thus he cannot pursue further administrative remedies, and (2) that upon attempting to file for a remedy in his current facility, he was told that "BOP regulations don't apply while in 'CCA'." Dkt. No. 16, pp. 1-2. The Court notes that, while Petitioner alleges that "[t]his response was filed on record" (Id.), his pleadings are unaccompanied by any documentary proof (or even a declaration under penalty of perjury).

Regardless of the procedural defects from which this petition suffers, the Court notes an even more fatal substantive flaw. Petitioner moves this Court to overturn the BOP's decision to transfer him to another facility. The Court has no power to dictate the placement of prisoners to

BOP. Under 18 U.S.C. § 3621(b), the BOP has the authority to decide where a prisoner is imprisoned. "[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons." United States v. Serafini, 233 F.3d 758, 778 n. 23 (3rd Cir. 2000). Even had Petitioner exhausted his administrative remedies, the Court has no authority to grant the relief he seeks.

Petitioner may only appeal this denial of his § 2254 petition if he obtains a certificate of appealability. A certificate of appealability my issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Satisfying this standard requires Petitioner to "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Pursuant to this standard, Petitioner is not entitled to a certificate of appealability, and this order will so reflect.

**Conclusion**

Petitioner seeks habeas relief when he has not exhausted his administrative remedies (or provided admissible proof that exhaustion or attempted exhaustion is futile), nor is this Court empowered to grant the relief he seeks in any event. His petition will be DISMISSED with prejudice. No certificate of appealability will issue in regard to this ruling.

Petitioner has a number of additional motions pending in this matter, including an application to proceed *in forma pauper* and a motion for a preliminary injunction. All remaining motions in this case are DENIED as moot.

1 | The clerk is ordered to provide copies of this order to Petitioner and to all counsel.

2 | Dated: December 22, 2011.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER ON OBJECTIONS TO REPORT &
RECOMMENDATION- 4